

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2009

# Williams v. NJ Trenton

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Williams v. NJ Trenton" (2009). *2009 Decisions.* Paper 1853.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1853

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4154
_____

FAIRY WILLIAMS;
GARY LITTLE,

Appellants

v.

NEW JERSEY TRENTON PSYCHIATRIC HOSPITAL,
An Agency of the State of New Jersey;
GREGORY LOVE, Acting Business Manager

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-06041)
District Judge: Honorable Freda Wolfson

_____

Submitted Under Third Circuit LAR 34.1(a)
on February 2, 2009

Before: RENDELL, JORDAN, and ROTH, <u>Circuit Judges</u>.

(Filed: February 19, 2009)


_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

The plaintiffs in this employment discrimination case appeal the District Court's

entry of summary judgment against them. They claim that they were denied a particular

job on the basis of race. Fairy Williams and Gary Little are African Americans who

sought the position of Food Services Supervisor at New Jersey Trenton Psychiatric

Hospital ("TPH"), the appellee. The Food Services Supervisor job title is a competitive

civil service position governed by N.J. Stat. Ann. § 11A (the Civil Service Act) and the

New Jersey Administrative Code.

Williams was hired in 2001 as a "provisional" employee in the TPH Food Services

Supervisor job.[1] In August of 2002, the New Jersey Department of Personnel ("DOP")

announced an open competitive examination for the position, in accordance with N.J.

Admin. Code § 4-2.3. TPH issued a department-wide job posting notifying all

Department of Human Services ("DHS") employees about the opportunity. In December

of 2002, after the examination, the DOP released the eligibles list: appellant Gary Little,

---

[1]     Permanent appointments require certification from an eligibles list generated after an open competitive exam. Provisional appointments are appropriate when: 1) there is no complete list of eligible employees and no one on an incomplete list will accept the provisional appointment; 2) the appointee meets the minimum qualifications for the job; and 3) the appointing authority certifies that failure to make the provisional appointment will seriously impair its work. *See* N.J. Admin. Code §§ 4-4.1 - 4.8, 4-2.1 - 2.3, 4-3.1.

a disabled veteran who worked as an Institutional Trade Instructor at the New Jersey Department of Correction, was ranked first on the list.[2] Williams was listed eighth.

In January of 2003, both Williams and Little applied for the Food Services Supervisor job. Managers at TPH interviewed Little and sent his fingerprints for a criminal record check. In May of 2003, Jane McNeill, a Food Services Supervisor at a different DHS organization, the North Jersey Developmental Center, responded to the job posting. McNeill, a white female, was already a permanent employee in the job title. She was also covered by the Communication Workers of America ("CWA") collective bargaining agreement, which provides that a permanent employee must be given preference for a reassignment. Because she was already permanent, McNeill did not need to take the competitive examination.

TPH appointed McNeill to the Food Services Supervisor position. Her transfer into the position eliminated the vacancy. TPH notified Williams on August 12, 2003, that her provisional employment as Food Services Supervisor would end on August 22, 2003. TPH notified Little on September 12, 2003, that he would not be appointed to the position.

---

[2]    New Jersey civil service law dictates that disabled veterans receive preference in hiring. After certification of the rankings from the competitive examination, the appointing authority is directed to appoint one of the top three interested "eligibles" from the certification list. *See* N.J. Admin. Code §§ 2.1(a), 4-4.8(a)(3).

The plaintiffs filed suit in the District Court alleging that TPH had violated Title VII by discriminating against them on the basis of race. The District Court granted summary judgment to TPH on September 28, 2007. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a District Court's grant of summary judgment. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259 (3d Cir. 2007). For the reasons stated below, we will affirm.

## DISCUSSION

### I. Fairy Williams

Williams argues that TPH violated Title VII when it awarded the Food Services Supervisor position to Jane McNeill instead of to her. To make out a prima facie case of employment discrimination under Title VII, a plaintiff must show that: 1) she is a member of a protected class; 2) she is qualified for the position she seeks; 3) she was subject to an adverse employment action; and 4) other similarly situated persons not in the protected group received better treatment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). A plaintiff who makes out a prima facie case is entitled to a presumption of unlawful discrimination, which an employer may rebut by producing evidence of legitimate nondiscriminatory reasons for its actions. *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994).

The parties do not dispute that Williams is a member of a protected class, that she suffered an adverse employment action, or that McNeill, who is not a member of the

4

protected class, got the job. TPH argues that Williams was not eligible for the position because her performance on the competitive examination put her eighth on the eligibles list: the Administrative Code dictates that only the top three applicants are considered for the position. N.J. Admin. Code §§ 4-3.2, 5-2.1(a).

Williams contends that she was a permanent employee, not a provisional one, and therefore she should not have had to take the competitive exam. She says that during her interview she was told she would become permanent, and points to the pension deduction in her paycheck and the fact that she received a performance evaluation, which she claims only permanent employees receive. She also notes that provisional appointments are only supposed to last for 12 months; having served 12 months, she claims to have become permanent. TPH denies that it ever told Williams she would be permanent, and points to its offer letter to Williams, which said that she would be a provisional employee.[3]

The problem for Williams is that whether or not she was told that she would become permanent at a certain point, and whether or not she served as a provisional employee for more than 12 months, the New Jersey Administrative Code does not contemplate a provisional employee becoming permanent through an employer's inaction. The Code dictates exactly how employees are awarded permanent civil service jobs:

---

[3] The letter is dated October 16, 2001, but Williams claims not to have received it until 2003. On a form dated November 7, 2001, however, Williams acknowledged having received a number of employment documents, including a "full-timers offer letter." (App. 105-06, 158.)

through competitive examinations and rank on the resulting eligibles list, or transfer or reassignment from another organizational unit. Although the Code states that provisional appointments should not last longer than 12 months, there is no provision that entitles a provisional employee to automatic appointment as permanent once the 12 months have passed. The New Jersey courts agree. *See O'Malley v. Dep't of Energy*, 109 N.J. 309, 316-17 (1987) ("We believe it would thwart the legislative intent to allow a provisional employee to retain his or her position merely because the Commission could not offer a timely test.").

Accordingly, we agree with the District Court that Williams has not made out a prima facie case under Title VII because, given her eighth-place finish on the exam, she did not establish that she was qualified for the position.

## II. Gary Little

Little also alleged a violation of Title VII. It is undisputed that Little established a prima facie case of employment discrimination: he is African American; he was qualified for the Food Services Supervisor position; and Jane McNeill, a white woman, was selected for the position over him. TPH argues that it had a legitimate, nondiscriminatory reason for hiring McNeill over Little, based on McNeill's seniority and the fact that McNeill, a Food Service Supervisor at another location within the same organizational unit, was requesting a lateral *reassignment* into the TPH job. Under the CWA collective

6

bargaining agreement, a permanent employee who has seniority must receive preference for reassignment. McNeill had been in the position for 15 years, and therefore had seniority over the candidates on the list of eligibles, none of whom were permanent employees in the same job title. McNeill, as a permanent employee within the title of Food Services Supervisor, was senior to Little, who was permanent in the title of Institutional Trade Instructor.

Little claims that because he was a disabled veteran and ranked first on the certification list, it was unlawful for TPH to "bypass" him. He cites the civil service law's "rule of three" that authorizes an employer to appoint one of the top three eligibles from the list, as well as the statute that says that a "regular appointment shall be made from among those eligibles." N.J. Admin. Code § 4A-4.8(a); N.J. Stat. Ann. § 11A: 4-8.

Little's argument does not refute TPH's legitimate reason for hiring McNeill. McNeill's appointment to the position at TPH was not a "regular appointment" but rather a reassignment of a permanent employee within the same job title, from one location to another. Courts in this Circuit have held that seniority provisions in collective bargaining agreements can provide legitimate, nondiscriminatory reasons for employer action. *See, e.g.*, *Mills v. Phila. Gas Works*, No. 06-2444, 2007 WL 2071881, at *4 (E.D. Pa. Jul. 19, 2007) ("[The plaintiff] has not produced evidence, direct or indirect, that the selected employees were given preferential treatment, other than on the basis of seniority . . . .

7

There is no evidence in the record from which one can infer that those employees were selected on the basis of their race or that Mills was rejected on the basis of his race.")

Moreover, even absent the seniority provisions of the collective bargaining agreement, it is clear that transfers such as McNeill's are treated differently from new appointments under New Jersey law. The New Jersey Administrative Code section dealing with intergovernmental transfers notes that "the existence of an open competitive or promotional list in the receiving jurisdiction shall not be a bar to the transfer." N.J. Admin. Code § 4-7.1A(c)(1). The next section of the code says that reassignments shall be made at the discretion of the head of the organizational unit. *Id.* § 4-7.2. The Administrative Code enables the transfer and reassignment of permanent employees to new locations, whether or not there is a certification list for the position.

The District Court found that Little did not refute TPH's legitimate, nondiscriminatory reason for hiring McNeill over him. We agree.

### III. Conclusion

For the reasons set forth above, we will AFFIRM the Order of the District Court.

_____